TUPPER v. The ISABELLA. See Case No. 7,099–7,101

## Case No. 14,240.

### TUPPER v. The ST. LAWRENCE.

[16 Leg. Int. 317.] [1]

Circuit Court, S. D. New York. Sept. 20, 1859. [2]

MARITIME LIENS—REPAIRS—STATE STATUTE—DOMESTIC VESSEL.

[Appeal from the district court of the United States for the Southern district of New York.

[1] [Reprinted by permission.]

[2] [Affirmed in 1 Black (66 U. S.) 522.]

[This was a libel against the steamship St. Lawrence (Lewis H. Meyer and Edward Stucken, claimants) to enforce a lien, under the laws of the state, for supplies furnished by the libelant, William W. Tupper. In the district court a decree was rendered in favor of the libelant (case unreported), from which the claimants appeal.]

J. F. Williams, for libelant.

Beebe, Dean & Donohue, for contestants.

In this case the plaintiff, as libellant, filed a libel against the vessel on the 21st of April, 1856. The libel was filed to enforce a domestic lien given by the statute of this state for repairs on the ship. A decree in favor of the libellant was given in the court below, in January, 1858, for the sum of 2,250. At the time of the repairs the vessel was owned by John Graham, but subsequently passed into the hands of Meyer & Stucken, who now appeared as contestants. An appeal was taken to the circuit court.

The counsel for the appellant contended that the federal court had no jurisdiction to enforce a lien given by the state statute; that the doctrine in the case of The General Smith [4 Wheat. (17 U. S.) 438], which was, that the federal courts would enforce a lien given by state statute against a vessel, had been overruled, and that therefore the court had no jurisdiction in this case.

NELSON, Circuit Justice, held that the doctrine in the case referred to was not an opinion of the court, nor a decision, but simply a rule of law, which the court had power to change, but the United States supreme court had never done so by any decision. That the doctrine held forth in The General Smith was the law of the land until the 1st of May last, but, up to that time, it had remained in full force.

On the 1st of May last, a new rule of the supreme court went into effect, by which the federal court would not, after that time, enforce any domestic lien given by state statute. The decree of the court below was, therefore, affirmed.

This decision is an important one, as it settles a long vexed question.

[Upon an appeal by the claimants to the supreme court, the decree of this court was affirmed, with costs. 1 Black (66 U. S.) 522. [See Cases Nos. 5,673, 5,675, and 5,677.]